UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FILED JUN 21 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

3:17cv456

| | |
|---|---|
| MANANTINO JACQUET MINES<br>PETITIONER<br><br>V<br><br>WARDEN, FCI FORT DIX | CRIM NO. 3:09-CR-00106-HEH<br><br>MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR A WRIT OF HEBEAS CORPUS UNDER 28 U.S.C §2241 |

Comes Petitioner, MANANTINO JACQUET MINES, appearing pro se and in support of this petition would show as follows:

### I. STATEMENT OF JURISDICTION

Jurisdiction is vested in a Petition for a Writ of Hebeas Corpus from a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States under 28 U.S.C 2241 (a) & (c)(3) and may challenge the manner of execution of his sentence. See Cardona v. Bledsoe, 681 F.3d533 (3rd Cir.2012) A petition for hebeas corpus under 28 U.S.C §2241 must be filed in the district of confinement. See United States v. Foy, 803 F.3d 128 (3rd Cir.2015). However, a prisoner may also challenge the legality of his detention under §2241 if he falls within the "saving clause" of §2255 (e), where he can show that §2255 provides an "inadequate or ineffective" means for challenging the legality of his detention. See Manna v. Schultz, 5al F.3d 664 (3rd Cir.2010)

### II. STATEMENT OF THE GROUND FOR RELIEF

Whether, in light of Mathis v. United States, 136 S Ct 2243 (2016), United States v. Hinkle, 832 F.3d 569 (5th Cir.2016) and Holt v. United States, (No. 16-1793) (7th Cir.Dec 13, 2016), Mines prior conviction do not qualify him as a Career Offender requiring resentencing with out the career offender enhancement.

### III. STATEMENT OF THE CASE
#### A. RELEVANT PROCEDURAL BACKGROUND

On March 20, 2009 an arrest warrant issued by Magistrate Judge Dennis W. Dorhal in case as to Manantino Jacquet Mines A 2 count indictment charging Mines with

1

Possessing with the intent to distribute 50 grams or more Cocaine base (Count 1) and Possessing with intent to distribute 500 grams or more Hydrochloride (Count 2). On June 15 mines entered a guilty plea for Count 1 possession with the intent to distribute 50 grams or more Cocaine base. On August 28, 2009 Mines was sentenced to 288 Months Imprisonment, 5 years supervised release. On 12-27-2011 Mines sent a Letter Motion to Appoint Counsel for Representation of Crack Motion. Mines was later denied reduction under 18: 3582 because he was a career offender.

## B. STATEMENT OF THE RELEVANT FACTS
### 1 OFFENSE CONDUCT

On Feb 13, 2009 Mines was stopped by Richmond City Police on West Broad St. Search was conducted and Mines was charged with 50 grams of Cocaine Base and 11,000 in US Currency Mines prior two convictions was both under 1 gram and should never been enough to trigger the career offender status. Career offender status over represent Mines prior convictions.

### 2 PRESENTENCE REPORT CALCULATION AND RECOMMENDATIONS

The PSR calculated a Base Offense level of 32, pursuant to USSG §2D1.1 (c)(7). However Mines was deemed to be a career offender, which increased his base Offense level to 37 See PSR ¶ 22. The PSR reduced Mines base offense level by three (3) levels to level 34 for his acceptance of responsibility pursuant USSG §E1.1 (a) & (b). Because Mines was a career offender his Criminal History Category was automatically Category VI the advisory guideline range for imprisonment was 262 to 327 months.

### 3. SENTENCING PROCEEDING

On August 28, 2009 a Sentencing Hearing was held before Honorable Judge Henry E. Hudson The Court adopted the factual findings and advisory Guidelines application in the PSR and determined that Mines was a career offender with a total offense level 34 in Criminal History VI yeilding and advisory guideline range of 262 to 327. Mines was sentenced to 288 months of imprisonment 5 years supervised release no fine or restitution and a Mandatory Special Assessment fee of $100.

## IV. DISCUSSION

As a preliminary matter, Mines respectfully request that this Court be mindful that pro se complant "must be held to less stringent standards than formal pleadings drafted by lawyers" Fantone v. Latini, 780 F.3d 184 (3rd Cir.2015); Estelle v. Gamble 429 U.S. 97 (1976) (same); and Haines v. Kerner 404 US 519 (1972) (Same).

In light of the Mathis v. United States, 136 S. Ct 2243 (2016) and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) Mines Conviction Do Not Qualify Him as a Career Offender Requiring Resentence Without Career Offender Enhancement.

In order for Mines to proceed in this matter, he must overcome the "saving clause" of § 2255(e). Recently, the United States Court of Appeals for the Seventh Circuit decided Holt v. United States, (No 16-1793) (7th Cir Dec 13, 2016). In Holt, the defendant was convicted of possessing a firearm despite prior convictions that barred gun owership See 18 U.S.C §922 (g) (1). Several of those convictions led the district court to deem him as an armed career criminal ("ACCA"), and imposed a 200 months sentence. While Holt's appeal was pending, the Court held that the version of the Illinois burglary statue under which he had been convicted was indeed not a "violent felony" because it did not satisfy the definition of "burglary" used in Mathis v. United States, 136 S. Ct. 2243 (2016) for indivisible statutes. See United States v. Haney, 840 F.3d 472 (7th Cir.2016). The government conceded that Mathis was retroactive on initial § 2255 motions. The Court held that Section 2255 (a) allows a district court to reduce a sentence that exceeds the statutory maximum, and substantive decision such as Mathis presumptively apply retroactively on collateral review. See Holt, (No 16-1793) (7th Cir. Dec 13, 2016) See also e.g., Davis v. United States, 417 U.S. 333 (1974); Montgomery v. Louisiana, 136S. Ct. 718 (2016). Because the argument being made here is statutory rather than constitutional and does not rest on any other retroactive rule of constitutional law, § 2255 is "inadequate or ineffective" in this case and his petition should be entertained by this Court.

In this case, the District Court erred in determining that Mines was a career offender with in the meaning of USSG § 4B1.1 (a) which provides:

> A defendant eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant

3

offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defined act had at least two prior felony convictions of either a crime of violence or a control substance offense.

Mines was a few months over 18 years of age when he committed this offense, and it was a "controlled substance offense" With in the meaning of USSG § 4B1.1 (a) His sentence was therefore subject to being enhanced under the "Career Offenders" Guidelines provision § 4B1.1, if he had "at least two prior felony convictions of either a controlled substance offense or crime of violence. The PSR construed USSG § 4B1.2 which defines a controlled substance offense "and a crime of violence."

In United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), defendant Hinkle appealed his sentence, contending that the district court erred in determining that he was a career offender with in the meaning of USSG § 4B1.1 (a). Hinkle argued that neither of his prior Texas convictions, one for burglary and the other for delivery of a controlled substance, constituted a predicate offense under the Career Offender Guidelines provision. The Court decision turned upon whether the particular Texas statutes at issue were divisible such that a court may use the Modified categorical approach to determine whether a defendant convicted under Texas law of knowingly delivering a controlled substance was convicted of delivery by one of the particular means under Texas law. In light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct 2243 (2016), the Hinkle court concluded that his conviction of delivery of a controlled substance is not a "controlled substance offense" within the meaninag of the Guidelines, and therefore, the Career Offense enhancement did not apply based on the record presently before the Court. The Court vacated Hinkle's sentence and remanded for resentencing without the Career Offender Guidelines enhancement.

See also, United States v. Tanksley (No 15-11078) (5th Cir. Jan 18, 2017). In Tanksley, and in light of Mathis v. United States, 136 S. Ct 2243 (2016) and United States v. Hinkle, 832 F.3d 569 (5th Cir.2016), the Fifth circuit granted Tanksley's motion for panel rehearing to decide whether United States v. Ford, 509 F.3d 714 (5th Cir.2007), still represents the low. In Ford, the Court held that a conviction for possession with intent to deliver a controlled substance

4

under section 481.112(a) of the Texas Health and Safety Code ("Section 481.112(a)") qualifies as a "controlled substance offense" under the Guideline. In Tanksley, the defendant pleaded guilty to violating 18 U.S.C § 992 (g), which prohibits convicted felons from possessing firearms. At sentencing, the district court found that prior convictions under Section 481.112(a) for possession with the intent to deliver a controlled substance constituted a "controlled substance offense" within the meaning of the Guidelines §4B1.1 Tanksley objected to this particular enhancement but conceded his objection was foreclosed by Ford. Shortly before the court affirmed Tanksley's conviction and sentence, the Supreme Court issued Mathis. Based on that decision and the decision in Hinkle, Tanksley moved for panel rehearing, which was granted. In agreeing that Hinkle is "merely a straight forward application of Mathis", the court held that Ford could not stand. As such, Tanksley's conviction under that statute did not qualify as a controlled substance offense under the Guidelines and the Court vacated and remanded Tanksley's case resentencing.

Section 4B1.2 of the Guidelines defines a controlled substance offense as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possessing of a controlled substance (or a counterfeit substance) with intent to Manufacture, import, export, distribute, or dispense.

USSG § 4B1.2 (b)

In determining whether a prior conviction is included within an offense defined or enumerated in the Guidelines, Courts have generally looked to the elements of the prior offense [the Categorical approach], not to the actual conduct of the defendant in committing the offense ["modified categorical approach"]. The Eleventh Circuit employs the so called "Categorical approach." See Donawa v. U.S. Attorney Gen., 735 F.3d 1275 (11th Cir.2013). In Donawa, the defendant, a native and citizen of Antigua, petitioned for review of the BIA's affirmance of an IJ's determination that he was not eligible for cancellation of removal because he committed an aggravated felony. The Court concluded that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101 did not qualify as a drug

trafficking aggravated felony under the categorical approach. The Court further concluded as well that it would be improper to engage the modified categorical approach for this statute because it is not divisible within the meaning of Descamps. Therefore, Petitioner and others convicted under this statute could still be able to meet their burden to demonstrate eligibility for cancellation of removal, and should be given a chance to shoulder that burden. Accordingly, the court granted the petition, vacating and remanding for further proceedings.

In Hinkle, under the Categorical approach, the government conceded that a conviction of delivering a controlled substance "by offering to sell" that substance, the crime would not come within the definition of a "controlled substance offense" under §4B1.2

The question in Hinkle was whether the Texas statutes under which the defendant was convicted were "divisible". See eg Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). A statute is "divisible" when it "set out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile" Id.

As the Supreme Court explained in Descamps
"[i]f one alternative (say, a building) matches an element in the generic offense, but the other (say an automobile) does not, the modified catogorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id.

Earlier this year, the United States Supreme Court decided Mathis v. United States, 136 S. Ct. 2243 (2016). In Mathis, the Supreme Court set forth how a court determines whether a statute is divisible and therefore whether, in employing the modified categorical approach, documents pertaining to the prior convictions comes within a federal definition of an offense or has the elements of an enumerated offense. In Mathis, an Iowa burglary statute criminalized entry into or onto locations that included a building, a structure, land, water or an air vehicle. Id at 2250. Because generic burglary does not proscribe burglary of vehicles, the Iowa offense was overly inclusive; it included conduct that was not generic burglary. Id. at 2256. The sentencing court considered documents

pertaining to Mathis' prior convictions, which reflected the he had burgled structures not vehicles, and the district court concluded that the sentencing enhancement under ACCA applied. Id of 2250. The Eighth Circuit affirmed, holding that whether the itemized list of places "amount[ed] to alternative element or merely alternative means to fulfilling an element, the statute is divisible, and we must apply the modified categorical approach." Mathis, 786 F.3d 1068, 1075 (8th Cir.2015). The Supreme Court reversed the Eighth Circuit because the Iowa Supreme Court had held that the Iowa statute sets forth "alternative method[s] committing [the] single crime," and an Iowa "jury need not agree on which of the locations was actually involved." Mathis, 136 S.Ct.at 2250 (citing State v. Duncan, 312 N.W. 2d 519, 523 (Iowa 1981)).

The Mathis decision instructs that there is a difference between alternative elements of an offense and alternative means of satisfying a single element. Elements must be agreed upon a jury. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense not an element of the offense. See Chavez-Alvarez v. Attorney Gen. U.S., (No.16-1663) (3rd Cir.2017)

In light of Mathis, it must be determined whether "listed items" in a state statute "are elements or means," and if "a state court decision definitively answers the question" the inquiry is at an end. See Mathis, 136 S.Ct. at 2255. The Iowa statute was clear in Mathis. As the Supreme Court in Mathis, "[w]hen a ruling of that kind exists, a sentencing judge need only follow what is says." Id at 2256. It is therefore not necessary to utilize the other means set forth in Mathis for discerning whether alternative listed in a statute are elements or means. Id.

If the elements of the defendant's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense" [Mathis, 136 S.Ct.at 2251]...[T]his "mismatch of elements" means that his conviction for the knowing possession with the intent to deliver is not a controlled substance offense under the Guidelines. Id. That prior conviction cannot serve as predicate offense under the Career Offender Guideline provision, which is §4B1.1.Id.

7

In determining whether a prior conviction is included within an offense defined or enumerated in the Guidelines, courts have generally looked only to the elements of the prior offense, not to the actual conduct of the defendant in committing the offense. See Untited States v. Abbott, 748 F.3d 154 (3rd Cir., 2014)

Without Mines career offender enhancement, Mines Adjusted Offense Level would be a level 26. Mines received a three (3) level reduction for acceptance of responsibility his total offense level will be 23 in Criminal History Category IV, which would yield an advisory Guideline range of 70 to 87 months of imprisonment, a significantly less harsh Guideline range, and definitely lower than the fixed 288 months imprisonment pursuant to the Plea Agreement.

## V. CONCLUSION

For the above foregoing reasons, Mines sentence must be vacated for resentencing without the Career offender enhancement. In the alternative, an evidentiary hearing should be held so that Mines may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully Submitted

DATED: MAY 23, 2017

MANANTINO JACQUET MINES
REG NO. 34872-183
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

APPEARING PRO SE