IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MANANTINO JACQUET MINES,     )
                             )
        Petitioner,          )
                             )
v.                           )    Civil Action No. 3:17CV456–HEH
                             )
WARDEN, FCI FORT DIX,        )
                             )
        Respondent.          )

**MEMORANDUM OPINION**
(Dismissing § 2241 Petition for Want of Jurisdiction)

Manantino Jacquet Mines, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.[1]

## I. Procedural History

Mines pled guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base. *See United States v. Mines*, No. 3:09CR106–HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 24, 2015). By Memorandum Opinion and Order entered on March 24, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by Mines challenging the finding that he was a career offender and his resulting sentence. *Id.* at *2–3. In his present § 2241 Petition, Mines once again challenges his career offender status and sentence.

---

[1] Mines is incarcerated in Fort Dix Federal Correctional Institution, in Fort Dix, New Jersey. Accordingly, Mines should have filed a § 2241 petition in the district where he is confined. *See* § 28 U.S.C. § 2241(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the Court will not transfer the action to that court because of the apparent lack of jurisdiction under both § 2241 and 28 U.S.C. § 2255(e).

## II. Analysis

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).[3]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*,

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[3] Mines cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).

The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

Mines fails to satisfy the second prong of *In re Jones. See id.* at 334. Mines fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Mines stands convicted, distribution of 50 grams or more of cocaine base, is still criminal. Instead, Mines seeks to proceed by § 2241 to challenge his designation as a career offender and resulting sentence. However, the "Fourth Circuit . . . has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34). Because Mines fails to demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction, he may not proceed

3

under § 2241. Accordingly, the § 2241 Petition (ECF No. 1) will be dismissed for want of jurisdiction.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 18, 2017
Richmond, Virginia

4